# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**PHILLIP JOASPH KNIGHT**                           **CIVIL ACTION**

**VERSUS**                                          **NO. 07-1124**

**KATHERINE GUSTE, ET AL.**                         **SECTION: "F"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Phillip Joasph Knight, a state pretrial detainee and frequent litigant in this Court, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Katherine Guste and Section A of the Louisiana Twenty-Fourth Judicial District Court. In this lawsuit, plaintiff yet again attempts to challenge his ongoing state criminal proceedings. This is at least the third lawsuit filed in this Court by plaintiff regarding his state prosecution for second degree murder.[1]

In Phillip Joasph Knight v. 24th Judicial District Court Section A, *et al.*, Civil Action No. 06-4537 "S"(3), plaintiff sued Section A of the Louisiana Twenty-Fourth Judicial District Court and Judge Joan Benge, claiming that he would not receive a fair trial on his pending murder charge. In that lawsuit, plaintiff alleged that he was being treated unfairly by Judge Benge, who denied the

---

[1] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

production of documents he sought and sent him for mental health treatment in Jackson, Louisiana. He alleged that Judge Benge essentially allowed the District Attorney to run her section of court. On December 5, 2006, United States District Judge Mary Ann Vial Lemmon dismissed that lawsuit as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

In <u>Phillip Joasph Knight v. Kathrine Gust [sic], *et al.*</u>, Civil Action No. 07-503 "I"(5), plaintiff sued indigent defender Katherine Guste, the Louisiana Twenty-Fourth Judicial District Court, Judge Joan Benge, the Gretna Police Department, and the Jefferson Parish District Attorney. In that lawsuit, plaintiff claimed: (1) Guste, his attorney, failed to provide him with a police report or to file motions in his case; (2) Judge Benge essentially allows the prosecutor to run her section of the court; (3) an unidentified lieutenant with the Gretna Police Department put blood on plaintiff's pants to frame him for the murder; and (4) the prosecutor lied and falsified the police report. On February 12, 2007, Chief Magistrate Judge Alma Chasez recommended that plaintiff's lawsuit be dismissed as frivolous. On March 7, 2007, United States District Judge Lance Africk adopted that recommendation and dismissed plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed the instant lawsuit on February 19, 2007, again making the same allegations against Guste and Section A of the Louisiana Twenty-Fourth Judicial District Court.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).

Repetitious litigation may be dismissed as malicious when the plaintiff is asserting virtually identical causes of action as were asserted by him in a pending or previous lawsuit. Id. "When

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

When evaluating the frivolousness of an action, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993).

Construing plaintiff's complaint broadly,[3] the Court finds that plaintiff's complaint should be dismissed as malicious, frivolous, and for failing to state a claim on which relief may be granted.

In the instant complaint, plaintiff is again asserting claims that are the same as or substantially similar to those asserted in Civil Action Nos. 06-4537 "S"(3) and 07-503 "I"(5) and which arise from the same series of events. Therefore, plaintiff's claims are subject to dismissal as malicious. See Bailey, 846 F.2d at 1021.

Moreover, plaintiff's claims are also subject to dismissal because they are frivolous and fail to state a claim on which relief may be granted. As was explained to plaintiff in both Civil Action Nos. 06-4537 "S"(3) and 07-503 "I"(5), Section A of the Louisiana Twenty-Fourth Judicial District Court is not a juridical entity capable of being sued under 42 U.S.C. § 1983. Moity v. Louisiana

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir. 1976).  Further, as was explained to plaintiff in Civil Action No. 07-503 "I"(5), Katherine Guste cannot be held liable under 42 U.S.C. § 1983 because she is not a state actor.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of March, 2007.

                                                *Daniel E. Knowles, III*
                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**